IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD SPENCE,

       Plaintiff,                No. CIV S-03-1195 LKK DAD P

    vs.

STATE OF CALIFORNIA, et al.,

       Defendants.       <u>ORDER</u>

_____/

       This case is before the court on fourteen motions and requests filed by the pro se plaintiff and one request filed by defendants.

REQUESTS FOR EXTENSIONS OF TIME

I. <u>Plaintiff's Motion Filed May 12, 2005 (#72)</u>

       Plaintiff moved for a thirty-day extension of time to file a reply to opposition filed by defendants on May 9, 2005.  Good cause appearing, plaintiff's motion will be granted nunc pro tunc, and plaintiff's reply filed May 18, 2005, will be deemed timely.

II. <u>Defendants' Request Filed May 25, 2005 (#75)</u>

       Defendants requested a thirty-day extension of time to June 24, 2005, to respond to plaintiff's first request for admissions.  Good cause appearing, defendants' first request to extend their time to respond to plaintiff's request for admissions will be granted nunc pro tunc.

1

PLAINTIFF'S MOTIONS TO COMPEL AND/OR FOR SANCTIONS

I. Motion to Compel Discovery Filed April 7, 2005 (#54)

In a motion dated March 23, 2005, plaintiff seeks to compel defendants to respond to the request for production of documents he served on February 8, 2005.  Pursuant to the discovery order filed in this action on October 12, 2004, responses to discovery requests are due forty-five days after the request was first served.  The forty-fifth day after February 8, 2005, was March 25, 2005.  Plaintiff's motion was filed prematurely and will be denied without prejudice.

II. Motion to Compel Discovery and Sanctions Filed April 13, 2005 (#56)

In a motion dated April 8, 2005, plaintiff seeks to compel defendants to serve further responses to three discovery requests:  plaintiff's first set of interrogatories, first request for production of documents, and second request for production of documents.  Exhibits to the motion include a copy of plaintiff's interrogatories and copies of defendants' responses to the two document requests, except that copies of the documents produced by defendants are not included.  (Pl.'s Mot. to Compel Discovery filed Apr. 13, 2005, Exs. A, B & C.)  Plaintiff did not provide a copy of defendants' responses to his interrogatories or set out those responses in the text of his motion.

Plaintiff's motion commences with a section titled "Background," in which he addresses the timeliness of defendants' responses to his discovery requests.  Plaintiff asserts erroneously that defendants were required to respond to his requests within thirty days.  The discovery order issued on October 12, 2004, requires the parties to respond to discovery requests within forty-five days.

Plaintiff's motion consists of twenty-six numbered paragraphs attacking most of the responses to the three discovery requests at issue.  Defendants' opposition addresses the first seventeen of plaintiff's paragraphs but does not address the remaining paragraphs, which concern plaintiff's first request for production of documents.  Defendants' copies of their responses to the document requests do not include copies of the documents they produced.

Plaintiff begins by complaining that defendants did not respond to Nos. 27 through 54 of his first set of interrogatories.  In response, defendants cite Rule 33, which limits the number of interrogatories that may be served on any one party to twenty-five, including discrete subparts.  See Fed. R. Civ. P. 33(a).  Plaintiff did not obtain leave of court to serve interrogatories in excess of twenty-five, and defendants were not obligated to respond to more than twenty-five interrogatories.[1]  Plaintiff's motion to compel responses to Nos. 27 through 54 will be denied.

With regard to many interrogatories, plaintiff complains that defendants failed to provide documentation with their responses.  In response, defendants contend that plaintiff did not make proper requests for production of documents.  Plaintiff is advised that a party who seeks documents should do so in a properly filed request for production of documents.  Plaintiff's motion to compel production of documents requested by interrogatory will be denied.

A.  Plaintiff's Interrogatories

1.  No. 26

In No. 26, plaintiff asked, "How many days were African Americans locked down in 2001?  (A, B, C, D yards specifically)."  Defendant Terhune objected but answered that he was not employed by the CDC during the times material to plaintiff's complaint and lacks possession of, knowledge of, and control over the information sought.  The remaining defendants objected but referred plaintiff to the lockdown memos for 2001 produced in response to Request No. 1 of plaintiff's first request for production of documents.

Plaintiff denies that the number of days African-Americans were locked down in 2001 is contained in the memos.  In response, defendants argue that the documents show the dates of lockdown as well as when the lockdowns were lifted or partially listed.

/////

---

[1] Defendants responded to Nos. 1 through 26 because plaintiff skipped from No. 16 to No. 18, omitting No. 17.

Rule 33(d), titled "Option to Produce Business Records," provides as follows:

> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.  A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Fed. R. Civ. P. 33(d).

Defendants responded to plaintiff's interrogatory No. 25 by citing business records that were produced in response to plaintiff's first request for production of documents. Plaintiff has not demonstrated that he cannot derive or ascertain the number from the records identified, and it appears that the burden of counting the number of days African-American inmates were locked down in 2001 is substantially the same for both plaintiff and defendants. Defendants will not be compelled to serve further responses to No. 26.

### 2. No. 4

In No. 4, plaintiff asked, "Please state the training you received from California Dept. of Corrections, any recognized accredited school education necessary or related to your official capacity and/or duties.  (please list the dates of completion of said training or education)."  Defendant Terhune objected to the interrogatory as not relevant and provided no information.  The remaining defendants answered with a list of training courses.

Plaintiff first asserts that defendants "did not respond to interrogatory #4," clarifies that "[n]o defendant listed the dates of training completion as requested," and concludes that the failure to list dates is "a failure to disclose."  Defendants assert that plaintiff's claims regarding this interrogatory are false.  Defendant Terhune states that he was a gubernatorial

4

appointment, was not trained by the Department of Corrections, and should not be compelled to provide plaintiff with any dates.  Defendants' opposition is silent as to the complete failure of the remaining defendants to respond to plaintiff's request for dates.

Plaintiff's assertion that defendants did not list the dates of training completion is not false, and the defendants who listed training courses have offered no argument that supports their failure to do so.  Defendants Johnson, Runnels, Wong, and Felker will be compelled to serve further responses to No. 4 in which they provide the completion dates for all training courses listed in their previous responses.

3. Nos. 6, 7, & 8

In Nos. 6, 7, and 8, plaintiff asked the defendants to "set forth" the procedures for reporting and investigating acts of racial discrimination against staff and inmates.  Defendant Terhune objected and provided no answers.  The remaining defendants described procedures.

Plaintiff complains that no defendant "set forth the procedure" and attached the document relied upon in the response.  The court finds that the defendants set forth the relevant procedures by describing them.  Nothing in these three interrogatories required more.  Defendants will not be compelled to serve further responses to Nos. 6, 7, and 8.

4. No. 10

In No. 10, plaintiff asked, "Were the procedures you outlined[2] above for reporting and investigating racial discrimination followed concerning the lockdowns and/or inmate appeals in this action?  (from May 2003 to May 2003)  Please provide memos, referrals, investigative reports and determinations or dispositions."  Defendants Runnels, Johnson, and Wong answered in the affirmative.  Defendants Terhune and Felker objected on several grounds.

Plaintiff complains that no defendant disclosed the procedures, no defendant provided documents, and he intended the interrogatory to read "from May 2002 to May 2003."

---

[2] Defendants incorrectly transcribed the word "outlined" as "obtained" in their responses.

Plaintiff's interrogatory as written requires only a yes or no answer, and defendants were not required to produce documents in response to an interrogatory.  A party may not amend his discovery request by motion to compel.  Defendants will not be compelled to serve further responses to No. 10.

5. Nos. 11, 12, & 13

Plaintiff complains that defendants failed to attach documents to support their responses to Nos. 11, 12, and 13.  Defendants will not be compelled to serve further responses to Nos. 11, 12, and 13.

6. No. 14

In No. 14, plaintiff asked, "If you did not report any or all of the allegations of racial discrimination contained in the appeals (May 2002 to May 2003), please explain why not?"  All defendants objected on various grounds.  Defendant Johnson responded that if he observed an incident of racial discrimination by either staff or inmates, he would report the incident.

Plaintiff asserts that defendants failed to respond.  Defendants reiterate their objections.  The court finds plaintiff's question to be ambiguous, requiring an answer only if the party did not report allegations of racial discrimination contained in unspecified appeals during a one-year period.  Defendants will not be compelled to serve further responses to this flawed question.

7. Nos. 15 &16

Plaintiff complains about defendants' failure to provide documentation in response to Nos. 15 and 16.  Defendants will not be compelled to serve further responses to Nos. 15 and 16.

8. No. 19

In No. 19, plaintiff asked, "Are African American subgroups ever segregated from each other?  If so, why? and when?  (Dates and Yards)."  All defendants objected to the interrogatory as not relevant and not reasonably calculated to lead to the discovery of admissible

evidence.  Defendant Wong further responded as follows:  "Not waiving objection, groups are segregated based on gang affiliation, not race when incidents occur between particular factions."  Defendant Felker further responded as follows:  "Not waiving objections, yes.  When there is an incident all inmates are locked down until the investigation is completed.  I do not know the specific dates.  That information would be contained in the lockdown memos for each lockdown."

Plaintiff asserts that "[a]ll defendants did not respond to #19."  He argues that the interrogatory is relevant "as the disclosure would demonstrate that factional disputes exist within the "Black" designation which would contradict the policy of locking down all Blacks for the acts of one."  In opposition, defendants assert incorrectly that defendant Terhune objected but answered that inmates are not segregated on the basis of race but on the basis of gang affiliation.  Defendants argue that the interrogatory has no bearing on the complaint and will not lead to admissible evidence.

In his complaint, plaintiff claims that African-American inmates at High Desert have been and are subjected to on-going racial discrimination.  He alleges that African-American inmates are classified into six groups according to affiliation and that all six groups are punished when any group is involved in misconduct, while inmates of other races are not placed on lockdown when a subgroup of their race engages in misconduct.  Plaintiff also alleges that African-American inmates are placed on lockdown for longer periods of time than inmates of other races who are placed on lockdown for the same type of offense.  Interrogatory No. 19 is relevant to plaintiff's claims and reasonably calculated to lead to the discovery of admissible evidence.  Defendants' objections are overruled, and defendants Terhune, Runnels, and Johnson will be compelled to serve further responses to No. 19.

9.  <u>Nos. 20 & 24</u>

Plaintiff complains that defendants failed to provide documents in response to Nos. 20 and 24.  Defendants will not be compelled to serve further responses to Nos. 20 and 24.

1     B.  Plaintiff's Second Request for Production of Documents

2             Plaintiff asserts that defendants failed to turn over any of the documents requested

3     in his second request for production of documents.  Plaintiff rejects defendants' assertions that

4     relevant documentation was provided in response to his first request.  Plaintiff also disputes

5     defendants' objections.  In opposition, defendants characterize plaintiff's assertions as a claim

6     that defendant Terhune did not respond to the second request for production of documents.

7     Defendants argue that they responded by (1) noting as to several requests that documents

8     responsive to those particular requests were produced in response to plaintiff's first request and

9     (2) objecting to the remainder of the requests.

10            Plaintiff's second request for production of documents contains sixteen discrete

11    requests.  In response to Nos. 1, 2, 3, and 14, defendants referred plaintiff to their response to his

12    first request for production of documents.  Plaintiff has not provided copies of the documents

13    previously produced and has failed to demonstrate that defendants should be compelled to serve

14    further responses to Nos. 1, 2, 3, and 14.

15            In response to Nos. 4 through 13, 15, and 16, defendants objected to each request

16    on the grounds that the request is not relevant and not reasonably calculated to lead to the

17    discovery of admissible evidence.  In response to No. 16, defendants also objected on the

18    grounds that the request is over broad, burdensome, and vague.  Having reviewed plaintiff's

19    requests and his arguments concerning relevance, the court finds that plaintiff has failed to

20    demonstrate that the documentation he seeks is relevant and reasonably calculated to lead to the

21    discovery of admissible evidence.  The court finds that No. 16, seeking "documentation of **all**

22    measures taken by California Department of Corrections, Administrative, Disciplinary,

23    Classification, etc. against African American inmates involved in or as a result of lockdowns,"

24    and further requiring the name of every inmate and the measures taken, is over broad,

25    burdensome, and vague.  The court sustains defendants' objections to Nos. 4 through 13, 15, and

26    16 and will not compel the defendants to serve further responses to any of these requests.

C. <u>Plaintiff's First Request for Production of Documents</u>

    1. <u>Nos. 1 & 2</u>

In No. 1, plaintiff requested all lockdown memos of lockdowns on A, B, C, and D yards of all races from 2001 to 2004. In No. 2, plaintiff requested documentation of the date and manner of each lockdown described in request No. 1. In response to these requests, defendants provided lockdown memos from January 1 through June 2003.

Plaintiff asserts that defendants failed to include program summaries up to the present, memos, plans of operation, and investigation reports, and removed inmates' names from all documents. Plaintiff has not demonstrated that a request for lockdown memos and documentation of the date and manner of each lockdown encompasses program summaries, memos other than lockdown memos, plans of operation, and investigation reports. Nor has plaintiff established the relevance of inmates' names. Defendants will not be compelled to serve further responses to these requests.

    2. <u>Nos. 5, 6, 7, & 8</u>

In Nos. 5, 6, 7, and 8, plaintiff requested various departmental policies and procedures. In response to each of these requests, defendants cited state regulations and sections of the manual referred to as the D.O.M. and advised plaintiff that the documents are available for inspection and copying in the High Desert State Prison ("HDSP") law library.

Plaintiff seeks to compel defendants to produce the documents on the ground that the law librarian will not permit him to copy any documents other than documents that are to be filed with the court. Defendants will be compelled to produce the documents cited in response to Nos. 5, 6, 7, and 8, or to arrange for plaintiff to make copies of them at HDSP.

    3. <u>No. 11</u>

In No. 11, plaintiff requested the departmental policy and procedure for the use of administrative segregation and general population segregated and/or concrete yards. Defendants objected to the request on the ground that plaintiff seeks information which, if produced, would

constitute a threat to the safety and security of the institution and the staff and inmates housed

within it.

Plaintiff argues that he is "simply requesting the policy that permits or authorizes

the use and the procedure for using Ad-seg and segregated concrete yards."  Plaintiff asserts that

inmates use these yards and their schedules are published.  Plaintiff suggests that the court

conduct an in camera inspection of the responsive documents.  Plaintiff has not demonstrated a

need for in camera review.  Defendants will be compelled to serve a further response to No. 11

citing any state regulations and sections of the D.O.M. that are responsive to the request as

clarified by plaintiff in his motion to compel.  Defendant are to produce the documents or arrange

for plaintiff to make copies of them at HDSP.

4. <u>Nos. 10 & 12</u>

In No. 10, plaintiff requested "departmental policy and procedure regarding the

mental health of lockdown inmates.  (Including but not limited to policy on evaluations,

obtaining mental health care, availability of mental health staff in the cell block)."  In No. 12,

plaintiff requested "all documentation related to the mental health of the African American

inmate population as a result of any and all lockdowns."  Defendants objected that these requests

are not relevant and not reasonably calculated to lead to the discovery of admissible evidence in

that plaintiff has not claimed mental health issues.

Plaintiff moves to compel further responses to these requests on the ground that

he raised both physical and mental health concerns in his complaint and other filings.  Plaintiff

argues that he has witnessed black inmates go crazy during lockdowns, demonstrating the

psychological effect of discriminatory lockdowns.  Plaintiff does not cite specific allegations in

his complaint

Although plaintiff's complaint does not allege mental health issues per se, he

alleges that discriminatory lockdowns are punitive, and he describes in detail the consequences of

such lockdowns.  (Compl. at 4-5).  Mental health issues are plainly implicated by extended

10

deprivation of exercise, recreation, religious services, work, education, contact visits, dayroom access, telephone access, quarterly packages, canteen, and vendor purchases, as well as the uncompensated loss of money promised for food sales, particularly if the deprivation is discriminatory.  (See id.)

Plaintiff's request for "departmental policy and procedure regarding the mental health of lockdown inmates," including policies and procedures regarding mental health evaluations, provision of mental health care, and the availability of mental health staff in cell blocks during lockdowns, may lead to admissible evidence of the psychological effect of discriminatory lockdowns.  Defendants will be compelled to serve a further response to No. 10.

Plaintiff's request for "all documentation related to the mental health of the African American inmate population as a result of any and all lockdowns" appears to request documents maintained in the medical files of individual inmates.  Plaintiff has not demonstrated that this request will lead to admissible evidence of the psychological effect of discriminatory lockdowns.  Defendants will not be compelled to serve further responses to No. 12.  This ruling does not preclude plaintiff from serving a request for production of documents such as reports, studies, or statistical compilations regarding the psychological effect of lockdowns during the relevant period of time, as opposed to the mental health records of individual inmates.

5. Other Issues

Plaintiff asserts that in response to his "first request, specifically D yard request," defendants did not disclose unlock proposals, interview questions, lockdown status reports, confidential information memos, or weekly status reports for numerous lockdowns in 2002 and 2003.  If plaintiff is referring to No. 1 of his first request for production of documents, that request was limited to lockdown memos.  If plaintiff is referring to some other request within his first request for production of documents, the court is unable to find a request that encompasses the listed documents.  Defendants will not be compelled to serve a further response to any request on the basis of plaintiff's argument concerning his "first request."

11

1        Plaintiff asserts that defendants failed to produce any documentation on

2  lockdowns from 2004 to the present in response to Nos. 1 and 2. In No. 1, plaintiff requested

3  lockdown memos "from 2001 to 2004." In No. 2, plaintiff asked for further documentation for

4  the same period specified in No. 1. Plaintiff did not request documentation to the present, and

5  his use of the word "to" rather than "through" arguably limits the request to lockdowns through

6  2003. Defendants will not be compelled to serve further responses to Nos. 1 and 2.

7        Plaintiff asserts that there are no supporting documents for any D yard lockdown

8  "from November to June 2003." Plaintiff does not specify the request at issue, and defendants

9  will not be compelled to serve further responses on the basis of this contention.

10        Plaintiff disputes defendants' objections to Nos. 4, 10, and 11 based on

11  confidentiality, security concerns, and threats to safety. Plaintiff requests full disclosure and

12  states that he is not opposed to in camera inspection of the documents produced. By these three

13  requests, plaintiff sought injury reports for all staff involved in and/or victimized by any inmate

14  assault precipitating a lockdown of any race or racial group (No. 4), departmental policy and

15  procedure regarding mental health of lockdown inmates (No. 10), and departmental policy and

16  procedure for use of administrative segregation and general population segregated and/or

17  concrete yards (No. 11). The court has already determined that defendants should be required to

18  serve further responses to Nos. 10 and 11. The court sustains defendants' objections to No. 4 on

19  the ground that injury reports for staff are not relevant to plaintiff's claims.

20    D. <u>Summary</u>

21        Plaintiff's motion to compel filed April 13, 2005, will be granted as to Nos. 4 and

22  19 of plaintiff's first set of interrogatories and as to Nos. 5, 6, 7, 8, 10, and 11 of plaintiff's first

23  request for production of documents. Defendants Johnson, Runnels, Wong, and Felker will be

24  required to serve further responses to Interrogatory No. 4, providing completion dates for all

25  training courses listed in their previous responses. Defendants Terhune, Runnels, and Johnson

26  will be required to serve further responses to Interrogatory No. 19. Defendants will be required

to produce documents in response to Nos. 5, 6, 7, and 8, or arrange for plaintiff to make copies of them at HDSP.  Defendants will be required to serve further responses to Nos. 10 and 11 citing any state regulations and sections of the D.O.M. that are responsive, and to produce the documents or arrange for plaintiff to make copies of them at HDSP.

Plaintiff asserts that "[d]efendants' disclosure, after <u>five</u> months, is selective, evasive and incomplete requiring this court's intervention compelling discovery and the imposition of <u>substantial</u> sanctions."  Plaintiff has not demonstrated that sanctions are required or appropriate.  The motion to compel and for sanctions will be denied except as to two interrogatories in plaintiff's first set of interrogatories and six requests in plaintiff's first request for production of documents.

III.  <u>Motion to Compel Filed May 4, 2005 (#68)</u>

Plaintiff titled this motion his second motion to compel, despite the fact that he filed two previous motions to compel.  Plaintiff seeks to compel responses to his third and fourth requests for production of documents.  No opposition has been filed.

Plaintiff has provided copies of defendants' responses to the requests at issue. The third request for production of documents was served on February 8, 2005, and the fourth request was served on March 14, 2005.  Defendants' response to the third request was due March 25, 2005.  The response to the fourth request was due April 28, 2005.  Defendants' responses dated April 20, 2005, were untimely as to the third request and timely as to the fourth.

A.  <u>Third Request for Production of Documents</u>

Plaintiff objects to defendants' responses to all seven requests included in this discovery request.  Defendants did not produce any documents.

Defendants' objections to No. 1 are overruled.  Defendants will be required to produce all memoranda and other documents that contain a proposal for beginning, continuing, or ending any lockdown at HDSP from March 2001 through January 2005.  Defendants' objections to Nos. 2, 3, 4, 5, and 6 are sustained.  Plaintiff is advised that information about

lawsuits filed against the defendants may be requested by propounding interrogatories asking each defendant to state the case name, number, court, and status of every civil or criminal action filed against him or her on any claim alleging racial discrimination with regard to lockdown policies.  Similar information may be requested as to complaints filed with any state or federal agency.  Defendants' objections to No. 7 are sustained in part because a request for information is not a request for a document.  Defendants will be required to produce a copy of the document called a "kite" that was the basis for the December 31, 2002 lockdown of all African American inmates at HDSP.

      B.  <u>Fourth Request for Production of Documents</u>

Plaintiff objects to defendants' responses to all five requests included in this discovery request.  No documents were produced.

Defendants' objections to No. 1 are sustained.  Plaintiff has not demonstrated the relevance of HDSP inmate orientation manuals for 2001 through 2004.  Defendants' objections to Nos. 2 and 3 are sustained because these requests do not seek production of documents.  Defendants' objections to Nos. 4 and 5 are overruled.  In response to No. 4, defendants will be required to produce all policies, memos, proposals, and reports related to the forfeiture of African American inmates' funds for the period from January 1, 2001, to the present.  In response to No. 5, defendants will be required to produce records of all food sales in which inmates other than African American inmates were allowed to participate while on lockdown for the period from January 1, 2001, to the present.

Plaintiff's request for sanctions is predicated in part on his mistaken belief concerning the due date of his fourth request for production of documents.  No sanction will be imposed other than the sanction of deeming the motion unopposed.

IV.  <u>Motion for Sanctions  Filed June 8, 2005 (#77)</u>

By motion filed June 8, 2005, plaintiff seeks sanctions for defendants' alleged failure to serve timely responses to requests for admissions.  Plaintiff asks the court to deem all

matters in the requests admitted and to impose monetary sanctions.  Plaintiff states that his requests were served on April 8, 2005, making defendants' responses due on May 23, 2005.  On May 25, 2005, defendants filed a request for extension of time to respond to plaintiff's requests for admissions, indicating that their responses were due on or before May 25, 2005.  In opposition to defendants' request for extension of time, plaintiff asserts that the request is "defendants' fourth request to extend time for responding to Plaintiff's Request for Admissions."  Plaintiff is mistaken.  The request is defendants' first request to extend time to respond to plaintiff's request for admissions.  Defendants' previous requests to extend time concerned other discovery requests.

Rule 36 provides generally that matters are admitted unless, "within thirty days after service of the request, or within such shorter or longer time as the court may allow," the party to whom the request is directed serves written answers or objections on the party requesting the admissions.  Fed. R. Civ. P. 36(a).  The court has found good cause to grant the extension of time requested by defendants.  Plaintiff's motion for sanctions will be denied.

V.  Motion for Sanctions Filed July 11, 2005 (#79)

By his motion filed July 11, 2005, plaintiff again seeks sanctions for defendants' alleged failure to serve timely responses to plaintiff's requests for admissions.  Plaintiff reiterates his request that the court deem all matters admitted pursuant to his previous motion and further argues that some of defendants' responses to his requests were received after the time requested by defendants in their request to extend time.  Plaintiff also complains that the responses were not served simultaneously.

Plaintiff's motion was served on July 5, 2005.  On July 29, 2005, defendants filed and served their opposition to the motion.  (See Findings and Recommendations filed July 14, 2004, at 10-12.)  Defendants' untimely opposition will be disregarded.

Plaintiff states that the responses by defendants Runnels and Wong were served on June 2, 2005.  Plaintiff does not identify the date on which defendant Johnson's response was

served but states that he received the response on June 8, 2005.  Plaintiff indicates that defendant

Felker's response was served on June 21, 2005.  All responses were served prior to June 24,

2005, the due date pursuant to the extension of time requested by defendants and granted by the

court in this order.  Plaintiff is not entitled to sanctions on the basis of his contention that some of

defendants' responses were untimely.  Nor is he entitled to sanctions on the basis of the four

defendants' service of their responses on different dates prior to the due date.  Finally, plaintiff is

not entitled to sanctions or an order deeming matters admitted merely because he disagrees with

specific responses.  Plaintiff's motion for sanctions will be denied.

VI.  <u>Motion to Compel and Request for Sanctions Filed September 14, 2005 (#84)</u>

By his motion served September 11, 2005, and filed September 14, 2005, plaintiff

seeks to compel defendants to respond to his fifth request for production of documents.  Plaintiff

also seeks sanctions.

Plaintiff states that his fifth request for production of documents was served on

July 10, 2005, and that no response had been received as of September 3, 2005.  The docket does

not reflect that defendants sought an extension of time to serve a response to plaintiff's fifth

request for production of documents.  Defendants have not filed opposition to plaintiff's motion.

Plaintiff's unopposed motion to compel and for sanctions will be granted.  As a

sanction, defendants will be required to serve copies of all documents requested, without

objection, within thirty days from the date of this order.  If defendants served untimely responses

to the fifth request for production of documents, defendants will be required to serve further

responses producing any documents that were not produced on the basis of one or more

objections.

VII.  <u>Motion to Compel Filed October 17, 2005 (#85)</u>

By motion served October 10, 2005, plaintiff seeks to compel further responses to

his sixth request for production of documents.  Plaintiff describes his sixth request for production

of documents as containing six requests, all lockdown specific, to which defendants offered one

general objection.  Plaintiff argues that documents to be produced during discovery need not themselves be evidence and need only to relevant to the subject matter involved in the action and the issues raised by the pleadings.

Plaintiff's motion was served on October 10, 2005.  On November 7, 2005, defendants filed and served their opposition to the motion.  Defendants' untimely opposition will be disregarded.

In Request No. 1, plaintiff requested "copies of <u>all</u> lockdown memos, reports, orders from June 2003 to present, including but not limited to the "<u>rolling lockdowns</u>" begun August 08, 2005, at High Desert State Prisons on A, B, C, D yards."  In Nos. 2 through 4, plaintiff requested various categories of documents pertaining to the rolling lockdowns that commenced on August 2, 2005.  In No. 5, plaintiff requested documents pertaining to such lockdowns at other California state prisons.  In No. 6, plaintiff requested "all related or referenced reports, memos and documentation included with or supplementing all lockdowns at High Desert State Prison (A, B, C and D yards) from June 2003 to present."  Defendants objected that the requests are not relevant and not reasonably calculated to lead to the discovery of admissible evidence in that (1) plaintiff filed his complaint on June 4, 2003, (2) defendants have produced documents for lockdowns from January 2001 through June 2003, and (3) the documents now requested are related to time frames outside the complaint.

The court has rejected defendants' view that plaintiff's complaint is a challenge to specific lockdowns that occurred prior to July 2003.

> The allegations of plaintiff's complaint do not support defendants' reading of the complaint as a collection of claims attacking six specific lockdowns of black inmates as improperly racially motivated. . . .  [P]laintiff alleges a broad claim of racial discrimination arising from the repeated lockdown of all African-American inmates regardless of the affiliation of the inmate or inmates who engaged in the misconduct that gave rise to the lockdown.

(Findings and Recommendations filed July 14, 2004, at 12, adopted in full by Order filed Oct. 1,

2004.) "It is evident that this civil rights action presents an attack on defendants' lockdown policy regarding African-American inmates at High Desert" and that plaintiff exhausted available administrative remedies with regard to his challenge to the policy. (Id. at 15.) "Plaintiff's identification of seven lockdowns that occurred within a one-year period demonstrates that the lockdown at issue in plaintiff's grievance was not an aberration but the result of a policy that has repeatedly resulted in the violations alleged by plaintiff." (Id.) Plaintiff seeks punitive damages for past deprivations and injunctive relief to prevent further deprivation of his rights.

Plaintiff's motion to compel further responses to his sixth request for production of documents will be granted except as to Request No. 5, which seeks documents that are not relevant to the lockdown policy at High Desert State Prison and do not appear to be reasonably calculated to lead to the discovery of admissible evidence.

OTHER MOTIONS AND REQUESTS FILED BY PLAINTIFF

I. Motion to Substitute Parties Filed March 14, 2005 (#51)

Plaintiff has brought a motion to substitute parties pursuant to Rule 25(c). Plaintiff seeks leave to substitute a new party as Director of Corrections. Plaintiff states that he named defendant Terhune as the director but now believes he was mistaken with regard to defendant Terhune's participation in denying plaintiff's inmate appeal. Plaintiff also notes that there have been several interim or acting directors since defendant Terhune held the position. Plaintiff states that he will ascertain the names of the acting directors before discovery is complete and will notify the court. Plaintiff moves, in the alternative, to substitute Appeals Examiner J.G. Arceo as director's designee.

Plaintiff appears to be referring to Rule 25(d), which provides as follows:

(1) When a public officer is a party to an action in his official capacity and during its pendency dies, resigns or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be

18

1    entered at any time, but the omission to enter such an order shall
     not affect the substitution.
2
            (2)  A public officer who sues or is sued in an official
3    capacity may be described as a party by the officer's official title
     rather than by name; but the court may require the officer's name
4    to be added.

5    Fed. R. Civ. P. 25(d).

6            For purposes of plaintiff's claim for prospective injunctive relief, the current

7    director of the agency in charge of California state prisons is automatically substituted for

8    defendant Terhune.  Plaintiff need not take any action but may request an order of substitution.

9    In light of the possibility that further changes could occur during the pendency of this action,

10   plaintiff should delay seeking an order of substitution until a later time.

11           For purposes of plaintiff's claim for punitive damages for past violations of civil

12   rights, plaintiff is advised that he should neither dismiss defendant Terhune nor substitute

13   another party in his place unless plaintiff has determined that defendant Terhune had no

14   involvement in or responsibility for the policy that is alleged to have deprived plaintiff of his

15   civil rights.  Similarly, if plaintiff wishes to pursue claims for damages against Appeals Examiner

16   J.G. Arceo as a participant in the alleged denial of plaintiff's rights, plaintiff must amend his

17   complaint to add a defendant and allege facts demonstrating the new defendant's personal

18   involvement in the denial of plaintiff's rights.

19           Plaintiff's motion to substitute parties will be denied without prejudice.  If

20   plaintiff wishes to amend his complaint, he must submit an amended complaint as an exhibit to a

21   motion for leave to amend.  An amended complaint will supersede the current complaint and

22   must therefore be a complete complaint that alleges all claims against all defendants.  Undue

23   delay and prejudice to current or new defendants may be grounds for denying a motion to amend.

24   Any amended complaint must be screened by the court to determine whether it states cognizable

25   claims against all named defendants.  Time is required for service of an amended complaint.  For

26   all of these reasons, any motion to amend should be filed at the earliest time possible.

1   II.  Motion in Limine and Other Requests Filed April 20, 2005

2          Plaintiff's motion in limine and other requests were served on April 17, 2005.

3   Defendants served timely opposition.

4          A.  Motion in Limine (#62)

5          Plaintiff seeks to preclude defendants from introducing certain evidence

6   concerning his criminal records and those of any inmate witnesses he might call to testify at trial.

7   Defendants oppose the motion as premature.

8          At a later stage of the litigation, the court will issue a Pretrial Order that sets trial-

9   related deadlines, including a deadline for filing motions in limine.  Plaintiff's pending motion

10  will be denied as premature.

11         B.  Request for Deposition at Government Cost (#63)

12         Plaintiff seeks leave to depose defendant Runnels at government expense.  Citing

13  his indigency and in forma pauperis status, plaintiff asserts that he is unable to afford the cost of

14  a deposition.  He contends that it would not be fruitful to present his questions by interrogatory

15  or request for admissions.  Plaintiff believes he can complete the deposition in less than two

16  hours.  Plaintiff requests an officer of the court to administer oaths, a tape recorder, two hours of

17  blank tape, and a court reporter who will allow plaintiff to maintain custody of the deposition

18  tape, all at government expense, and further requests preparation of the original transcript or a

19  copy that plaintiff can keep.  Plaintiff seeks an order requiring prison officials to allow him to

20  retain the deposition tape in his cell.  Plaintiff asserts that this one deposition is likely to avoid

21  the cost of a trial or shorten the trial and would eliminate his need for any additional discovery.

22         Defendants argue that plaintiff has been unable to ask good questions in his

23  interrogatories and is unlikely to do better in a deposition.  Defendants contend that the request

24  would be a waste of defendant Runnels' time.

25         The expenditure of public funds on behalf of an indigent litigant in federal court is

26  proper only when authorized by Congress.  Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).  The

1   federal in forma pauperis statute, under which plaintiff was permitted to file this case without

2   prepaying the filing fee, does not authorize the expenditure of public funds for deposition costs.

3   See 28 U.S.C. § 1915.  Plaintiff has not demonstrated that there is any authority for the order he

4   seeks.  Nor has he shown that deposing defendant Runnels is either necessary or likely to avoid

5   the necessity for trial.  Plaintiff's request will be denied.

6          C.  Request for Additional Interrogatories (#64)

7          Plaintiff seeks an order permitting him to propound interrogatories in excess of

8   twenty-five, requiring each defendant to answer #27 through #54 as propounded in plaintiff's

9   first set of interrogatories, and allowing plaintiff to serve a second set of interrogatories

10  propounding fifteen new interrogatories to three defendants.  Defendants oppose the request on

11  the ground that failure to make good use of the twenty-five interrogatories permitted by law is

12  not good cause to be allowed to serve more interrogatories.  Defendants assert that the proposed

13  new interrogatories will not serve to obtain information which will help plaintiff prove his case

14  and are directed toward harassment and argument rather than information that might show

15  discriminatory intent or effect.

16         The court will grant plaintiff's request to propound interrogatories in excess of

17  twenty-five.  However, the court will not require defendants to respond to Nos. 27 through 54 of

18  plaintiff's first set of interrogatories.  Nor will the court grant plaintiff leave to serve the

19  proposed second set of interrogatories.  Plaintiff must omit document requests from his new

20  interrogatories and may not propound interrogatories that require the defendants to attest to

21  previous responses or otherwise address the discovery process rather than the subject matter of

22  plaintiff's claims.  Plaintiff may serve a new second set of interrogatories in which he propounds

23  up to fifteen additional interrogatories to each defendant.

24         D.  Request for Expert Witness at Government Cost (#65)

25         Plaintiff seeks leave to secure the services of a mental health expert at government

26  expense to testify at trial regarding the psychological effects of institutional racism and the

1  phenomenon of African Americans assaulting staff in order to be transferred from High Desert.

2  Plaintiff contends that an expert will be beneficial to the jury.  He indicates that he is

3  communicating with potential experts.

4          Defendants oppose the request on the ground that plaintiff's complaint contains

5  no claim of mental illness and therefore the testimony of a mental health expert is not relevant to

6  matters properly before the court.  Defendants suggest that plaintiff can establish damages by his

7  own testimony and by mental health records, if he has been diagnosed with a mental illness.

8          Expert witnesses appointed by the court may be compensated "from funds which

9  may be provided by law in criminal cases and civil actions and proceedings involving just

10  compensation under the fifth amendment."  Fed. R. Evid. 706(b).  In all other cases, the

11  compensation for a court-appointed expert must be paid by the parties.  Id.  The present case is

12  not a criminal case, a proceeding involving just compensation under the Fifth Amendment, or a

13  case for which funds are provided by law.  In the absence of funds from which a court-appointed

14  mental health expert can be compensated, plaintiff's request will be denied.  See 28 U.S.C.

15  § 1915; Tedder v. Odel, 890 F.2d 210 (9th Cir. 1989).

16  III.  Motion for Appointment of Counsel Filed September 1, 2005 (#83)

17          Plaintiff seeks appointment of counsel.  Plaintiff is informed that district courts

18  lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v.

19  United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the

20  court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See

21  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332,

22  1335-36 (9th Cir. 1990).  The court does not find the required exceptional circumstances.

23  Plaintiff's motion for appointment of counsel will therefore be denied.

24          Accordingly, IT IS HEREBY ORDERED that:

25          1.  Plaintiff's March 14, 2005 motion to substitute parties pursuant to Rule 25(c)

26  (#51) is denied without prejudice;

2.  Plaintiff's April 7, 2005 motion to compel discovery (#54) is denied without prejudice;

3.  Plaintiff's April 13, 2005 motion to compel discovery and sanctions (#56) is granted as to Nos. 4 and 19 of plaintiff's first set of interrogatories and as to Nos. 5, 6, 7, 8, 10, and 11 of plaintiff's first request for production of documents, and is otherwise denied; within thirty days from the date of this order, defendants shall serve further responses as follows:

a.  Defendants Johnson, Runnels, Wong, and Felker shall serve further responses to Interrogatory No. 4, providing completion dates for all training courses listed in their previous responses;

b.  Defendants Terhune, Runnels, and Johnson shall serve further responses to Interrogatory No. 19;

c.  Defendants shall produce the documents requested in Nos. 5, 6, 7 and 8, or arrange for plaintiff to make copies of the documents at HDSP; and

d.  Defendants shall cite any state regulations and sections of the D.O.M. responsive to Nos. 10 and 11 and produce the documents or arrange for plaintiff to make copies of them at HDSP;

4.  Plaintiff's April 20, 2005 motion in limine (#62) is denied;

5.  Plaintiff's April 20, 2005 request for deposition at government cost (#63) is denied;

6.  Plaintiff's April 20, 2005 request for additional interrogatories (#64) is granted; plaintiff may serve a second set of interrogatories in which he propounds up to fifteen additional interrogatories to each defendant; the interrogatories shall comply with this order;

7.  Plaintiff's April 20, 2005 request for expert witness at government cost (#65) is denied;

8.  Plaintiff's May 4, 2005 motion to compel (#68) is granted as to No. 1 and part of No. 7 of plaintiff's third request for production of documents, granted as to Nos. 4 and 5 of

23

plaintiff's fourth request for production of documents, and otherwise denied; within thirty days from the date of this order, defendants shall serve further responses as follows:

    a.  In response to No. 1 of plaintiff's third request for production of documents, defendants shall produce all memoranda and other documents that contain a proposal for beginning, continuing, or ending any lockdown at HDSP from March 2001 through January 2005;

    b.  In response to No. 7 of plaintiff's third request for production of documents, defendants shall produce a copy of the document called a "kite" that was the basis for the December 31, 2002 lockdown of all African American inmates at HDSP;

    c.  In response to No. 4 of plaintiff's fourth request for production of documents, defendants shall produce all policies, memos, proposals, and reports related to the forfeiture of African American inmates' funds for the period from January 1, 2001, to the present;

    d.  In response to No. 5 of plaintiff's fourth request for production of documents, defendants shall produce records of all food sales in which inmates other than African American inmates were allowed to participate while in lockdown for the period from January 1, 2001, to the present;

9.  Plaintiff's May 12, 2005 motion to extend time to file a reply (#72) is granted nunc pro tunc, and plaintiff's reply filed May 18, 2005, is deemed timely;

10.  Defendants' May 25, 2005 request for an extension of time to June 24, 2005, to respond to plaintiff's first request for admissions (#75) is granted nunc pro tunc;

11.  Plaintiff's June 8, 2005 motion for sanctions (#77) is denied;

12.  Plaintiff's July 11, 2005 motion for sanctions (#79) is denied;

13.  Plaintiff's September 1, 2005 motion for appointment of counsel (#83) is denied;

1        14.  Plaintiff's September 14, 2005 motion to compel and request for sanctions

2 (#84) is granted; within thirty days from the date of this order, defendants shall serve copies of all

3 documents requested in plaintiff's fifth request for production of documents, without objection;

4 and

5        15.  Plaintiff's October 17, 2005 motion to compel (#85) is granted except as to

6 Request No. 5 of plaintiff's sixth request for production of documents; within thirty days from

7 the date of this order, defendants shall serve further responses to Requests Nos. 1 through 4 of

8 plaintiff's sixth request for production of documents.

9 DATED: December 13, 2005.

_Dale A. Drozd_

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
spen1195.cln

25