1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GERALD SPENCE,

11            Plaintiff,              No. CIV S-03-1195 LKK DAD P

12       vs.

13   STATE OF CALIFORNIA, et al.,

14            Defendants.            <u>ORDER</u>

15   _____/

16            This case is before the court on eight motions or requests filed by the pro se

17   plaintiff, and three motions or requests filed by the defendants.

18                            DISCOVERY MATTERS

19   I.  <u>Timing Issues (Motions and Requests #100, #102, #104, #111, & #117)</u>

20            On December 13, 2005, the court ordered defendants to serve further responses to

21   certain discovery requests within thirty days.  On January 30, 2006, plaintiff filed a request for

22   sanctions (docket #100) in which he alleges that defendants failed to comply with the December

23   13, 2005 order.  Plaintiff notes that defendants requested extensions of time during the thirty-day

24   period but did not request an extension of time to comply with the December 13, 2005 order.

25            On February 14, 2006, defendants filed a request for extension of time (docket

26   #102) to March 16, 2006, to serve the remaining responses required by the December 13, 2005

1

order and to serve their responses to plaintiff's second request for admissions.  The request is titled "Defendants' Second Request."  Court staff advised defendants' counsel that the court received and granted defendants' first request for extension of time to respond to plaintiff's second request for admissions but has no record of a first request for extension of time to serve the responses required by the court's December 13, 2005 order.

On February 17, 2006, defendants filed a motion for relief (docket #104) based on counsel's declaration that he prepared a first request for extension of time and a proposed order on January 6, 2006, that he either asked his secretary to file and serve the request or gave the documents to the assigned paralegal to file and serve, and that the request and proposed order were never served or filed through an oversight.  Counsel states that he continued to work on the discovery responses under the assumption that his request for extension of time had been filed and would be granted.  Counsel states further that all required responses were served on plaintiff within the extension of time counsel believed had been requested, except for the verified amended responses of defendants Terhune, Felker, and Runnels, and that he filed defendants' second request for extension of time in order to obtain additional time to serve the verified responses.  Defendants' declaration includes copies of an unfiled request dated January 6, 2006, and a proposed order granting an extension of time to February 14, 2006.  By their motion for relief, defendants seek a first extension of time nunc pro tunc as well as relief from any sanctions or other adverse consequences, on the grounds that the failure to obtain the first extension of time was inadvertent and that defendants have not failed to cooperate in discovery.

Plaintiff objects that defendants' motion for relief is prejudicial.  He complains that defendants' requests for extension of time are always served on the due date or later, in violation of Local Rule 6-142(d), and that the court has granted each of defendants' requests for extension of time without waiting for plaintiff to file opposition.  Plaintiff argues that defendants' delays are in bad faith and will effectively foreclose subsequent discovery that depends on defendants' responses.

The court's August 15, 2003 order specifies the motions that are to be briefed in this action. Briefing is not required on any motion not listed in the order, except as directed by the court. The parties are not required or expected to brief requests to extend time. In addition, Local Rule 6-144(c) authorizes the court to grant an initial ex parte extension of time. While Local Rule 6-144(d) cautions that a request for extension of time filed on the required filing date is looked upon with disfavor, the rule does not prohibit such a filing.

Plaintiff's procedural arguments lack merit, and plaintiff has not demonstrated prejudice. Defendants' motion for relief #104 and request for extension of time #102 will be granted. The court finds that an award of expenses would be unjust under these circumstances. See Fed. R. Civ. P. 37(a)(4)(A). Plaintiff's motion for sanctions #100 will be denied.

On March 14, 2006, defendants requested a fourteen-day extension of time to March 26, 2006, to serve their signed responses to plaintiff's second request for admissions and their amended responses to interrogatories (docket #111). Defendants also requested that the court relieve defendant Terhune from being required to respond to outstanding discovery requests due to illness. Good cause appearing, defendants' request #111 will be granted.

On March 27, 2006, plaintiff filed a request that his second request for admissions be deemed admitted due to defendants' failure to serve responses pursuant to the court's order granting an extension of time to February 14, 2006 (docket #117). In light of the court's further orders granting defendants a second extension of time to March 14, 2006, and a further extension of time to March 26, 2006, to serve their responses to plaintiff's second request for admissions, plaintiff's request #117 will be denied.

II. Plaintiff's Motion to Compel (#107)

On February 21, 2006, plaintiff filed a motion to compel defendants to produce documents requested in his seventh and eighth requests for production of documents. Plaintiff provides copies of defendants' responses and argues that the responses are inadequate. Plaintiff requests sanctions.

Plaintiff argues that defendants' various objections to his seventh request for production of documents are general and lack merit. Plaintiff asserts that the confidential information he seeks was discredited and is not protected because it proved not to be reliable. Plaintiff contends that all documents requested are relevant and constitute material evidence of the defendants' violations of the rights of African-American inmates.

Plaintiff seeks further responses to Nos. 6 through 8 and Nos. 11 through 20 of his eighth request for production of documents. Plaintiff describes defendants' responses to Nos. 6, 7, 8, and 12 as raising objections based on an assumption of privilege or, in the case of No. 6, a "work in progress" exception. Plaintiff states that he seeks only completed investigatory information. He disputes defendants' objection based on potential harm to other inmates and claims he did not request unredacted copies of documents or the identities of inmates. Plaintiff describes defendants' objection to No. 12 as silly and argues that a list of questions asked of all inmates cannot harm anyone. Plaintiff's objection as to No. 11 is not clear. Plaintiff argues that defendants' responses to Nos. 12 through 20 are general and evasive, that the relevance of the requested documents is obvious, and that No. 20 is a public record that is not protected.

Plaintiff's motion was served on February 15, 2006. Pursuant to Local Rule 78-230(m), defendants' opposition was due eighteen days, plus three for mailing, after February 15, 2006. On March 16, 2006, more than twenty-one days after February 15, 2006, defendants filed combined opposition to this motion and a subsequent motion served by plaintiff on March 9, 2006. Defendants' opposition does not address plaintiff's arguments about specific requests.

In reply, plaintiff argues that defendants' opposition is untimely and insufficient. Plaintiff asserts that the subject of both of his motions is defendants' refusal to obey the court's December 13, 2005 order. Plaintiff is incorrect. In his motion served on February 15, 2006 (#107), plaintiff seeks to compel production of the documents requested in his seventh and eighth requests for production of documents. (Pl.'s Seventh Mot. to Compel #107, at 1.) These requests were not at issue in the court's December 13, 2005 order. Although plaintiff served his

4

seventh request for production of documents prior to December 13, 2005, the responses were not yet due at that time, and plaintiff's eighth request for production of documents was served after the December 13, 2005 order was issued.  Due to plaintiff's own confusion concerning the subject matter of his discovery motions, the court will consider defendants' combined opposition despite the fact that the opposition was not timely filed as to the first of the two motions.

After reviewing plaintiff's contentions and defendants' responses to plaintiff's seventh request for production of documents, the undersigned sustains defendants' objections to Request Nos. 1, 2, 3, 4, 5, 6, 7, 9, and 10 on the ground that the documents responsive to the requests are contained in individual inmates' records and cannot be located without knowing the names of the inmates.  The undersigned sustains defendants' objection to No. 8 that the guidelines sought are available in the institutional law library.

By Request No. 11, plaintiff seeks "documents containing name and tenure of all CDCR directors from 2000 to 2005, containing specific dates of employment."  Defendants object that the request seeks information that is not relevant and not reasonably calculated to lead to the discovery of admissible information.  The requested information is relevant for the reasons set forth in the court's December 13, 2005 order at pages 18 and 19, addressing plaintiff's motion to substitute parties.  Plaintiff was advised that, for purposes of his claim for prospective injunctive relief, the current director is automatically substituted for defendant Terhune and that, for purposes of his claim for damages for past violations of plaintiff's rights, plaintiff should determine which directors, if any, were personally involved in the deprivation of his rights.  Defendants' objections are overruled.  Defendants will be required to serve a further response to No. 11 consisting of documents, redacted if necessary, showing the name and tenure of each director of the former California Department of Corrections from 2000 to July 2005.

After reviewing plaintiff's contentions and defendants' responses to Nos. 6 through 8 and Nos. 11 through 20 of plaintiff's eighth request for production of documents, the undersigned sustains defendants' objections that these requests are over broad, seek information

not relevant to plaintiff's claims, seek confidential information from other inmates' files, and/or seek information provided in documents already produced.

Plaintiff's February 21, 2006 motion to compel and request for sanctions will be granted solely as to Request No. 11 of plaintiff's seventh request for production of documents and denied as to all other requests.

III.  Plaintiff's Motion to Compel (#108)

On February 27, 2006, plaintiff filed a motion for sanctions, a further order compelling defendants to disclose items previously ordered disclosed on December 13, 2005, and an order deeming plaintiff's second request for admissions admitted.  Defendants contend that plaintiff's motion to compel and for sanctions should be denied.  In reply, plaintiff argues that defendants' opposition is untimely and insufficient.  Plaintiff denies that defendants have substantially complied with the court's December 13, 2005 order.

Plaintiff's motion was served on February 23, 2006.  Defendants' opposition was timely served and filed on March 16, 2006, the 21st day after February 23, 2006.

The court has granted defendants' requests for extensions of time, first to March 14, 2006, and then to March 26, 2006, to serve responses to plaintiff's second request for admissions.  Plaintiff's motion #108 was filed prior to March 26, 2006, and will be denied as premature with regard to plaintiff's second request for admissions.

The court has also granted defendants' requests for extensions of time, first to March 14, 2006, and then to March 26, 2006, to serve amended responses to plaintiff's first set of interrogatories pursuant to the court's December 13, 2005 order.  The amended responses were served on March 16, 2006.  Plaintiff's motion was filed prior to March 16, 2006, and will be denied as premature with regard to the amended responses to plaintiff's first set of interrogatories

Defendants' amended responses to Nos. 4 and 5 of plaintiff's fourth request for production of documents were served on February 14, 2006.  Plaintiff argues that the amended responses are evasive and in bad faith.

The court's December 13, 2005 order provided as follows:

> Defendants' objections to Nos. 4 and 5 are overruled.  In response
> to No. 4, defendants will be required to produce all policies,
> memos, proposals, and reports related to the forfeiture of African
> American inmates' funds for the period from January 1, 2001, to
> the present.  In response to No. 5, defendants will be required to
> produce records of all food sales in which inmates other than
> African American inmates were allowed to participate while on
> lockdown for the period from January 1, 2001, to the present.

Defendants provided documents in response to No. 4 and responded to No. 5 as follows:

> Defendants are unable to determine the ethnicity of
> financial records maintained in the regular course of business by
> the California Department of Corrections and Rehabilitation
> (CDCR).  The relevant records are kept by the inmate's CDCR
> number, not the name or ethnicity.

The undersigned has reviewed the documents provided in response to No. 4 and finds that

defendants appear to have produced such general documents as are available regarding forfeiture

of funds and that defendants are unable to produce food sale records or policies, memos,

proposals, or reports concerning forfeiture of funds by ethnic group.  Defendants will not be

ordered to produce further responses to Nos. 4 and 5.

Defendants' amended responses to plaintiff's fifth request for production of

documents were also served on February 14, 2006.  Plaintiff asserts that the amended responses

are inadequate and incomplete.  He contends that defendants refused to produce documents

requested by Nos. 1 and 50, despite the court's order to respond without objections.  Plaintiff

objects to defendants' alleged inability to ascertain what documents were requested by Nos. 4

through 49 except for a few documents responsive to Nos. 6, 13, and 16.  Plaintiff appears to

claim that defendants did not provide enough documents in response to Nos. 51 and 52.  Plaintiff

also complains that the documents produced were not organized and were redacted.

/////

/////

/////

1   The court's December 13, 2005 order provided as follows with regard to

2   plaintiff's fifth request for production of documents:

3         Plaintiff's unopposed motion to compel and for sanctions
        will be granted.  As a sanction, defendants will be required to serve
4       copies of all documents requested, without objection, within thirty
        days from the date of this order.  If defendants served untimely
5       responses to the fifth request for production of documents,
        defendants will be required to serve further responses producing
6       any documents that were not produced on the basis of one or more
        objections.

7

8   In their amended response to No. 1, defendants state that they will not produce the documents

9   requested because a kite is destroyed if the source is not identified and, if the source is identified,

10  the kite is attached to a confidential memo and placed in the file of the inmate who was the

11  source.  Defendants state that they are unable to retrieve kites without the names of the inmates

12  identified as their authors.  The court will not compel defendants to produce documents that

13  cannot be retrieved without searching the files of every state prisoner in California.

14        In their amended response to No. 50, defendants state that they will not produce

15  the reports and memos of December 23, 2002, and January 9, 2003, by Lieutenant R. Gower

16  because disclosure of these documents to an inmate has been deemed to create a threat to the

17  safety and security of the institution.  The court finds that defendants have not complied with the

18  court's order to serve copies of the requested documents without objection.  Defendants will be

19  ordered to serve copies of all documents responsive to No. 50 or file an ex parte motion for a

20  protective order.  If such a motion is filed, counsel must contact Pete Buzo, courtroom deputy to

21  the undersigned, at (916) 930-4128 within three days after filing the motion to arrange for an in

22  camera review of the documents.

23        In their amended response to No. 52, defendants state that they will not produce

24  D.O.M. Supplement 55015 because disclosure of "these documents" to an inmate has been

25  deemed to create a threat to the safety and security of the institution.  Plaintiff requested

26  "documents from High Desert State Prison stating the policy and procedure for requesting and

8

1  receiving hygiene and stationary [sic] items <u>free</u> of charge during lockdowns and the date this

2  policy or procedure was enacted." Defendants have not complied with the court's order to serve

3  copies of the requested documents without objection. Defendants will be ordered to serve copies

4  of all documents responsive to No. 52 or file an ex parte motion for a protective order. If such a

5  motion is filed, counsel must contact Pete Buzo, as described in the preceding paragraph, to

6  arrange for an in camera review of the documents.

7       In their amended responses to Nos. 4 through 49, defendants stated that they were

8  unable to identify the documents requested but would make further attempts to find the

9  documents if plaintiff were to provide copies of documents referencing the documents sought.

10  Plaintiff has attached to his motion as Exhibit D a copy of a memorandum dated October 10,

11  2001, and signed by defendants Felker and Runnels, among others. The memorandum references

12  the "confidential memo of 10/4/01" requested by plaintiff in No. 4. Defendants will be ordered

13  to make further attempts to find the confidential memo of 10/4/01 as referenced in the

14  memorandum dated October 10, 2001. Plaintiff has not provided copies of other documents to

15  assist defendants in searching for documents they were unable to identify.

16       The court will not consider the new issues raised in plaintiff's reply to defendants'

17  opposition.

18  IV. <u>Plaintiff's Request for Sanctions (#122) and Request for Extension of Time (#124)</u>

19       On May 15, 2006, plaintiff filed a request (#122) in which he seeks sanctions, an

20  order compelling defendants to respond to his second set of interrogatories propounded to

21  defendants Runnels and Felker, and a ruling that all outstanding discovery requests served on

22  defendant Terhune be deemed admitted or that a default judgment be entered against defendant

23  Terhune. Plaintiff asserts that defendant Terhune did not respond to the court's December 13,

24  2005 order or to plaintiff's November 2005 second request for admissions.

25       In timely opposition, defendants assert that plaintiff's second set of interrogatories

26  to defendants Runnels and Felker was served beyond the discovery deadline and that defendants

fully responded to all previous discovery requests.  Defendants state that discovery commenced in October 2004 and that between October 2004 and May 2006 plaintiff served and defendants responded to fourteen separate discovery requests, including two sets of requests for admissions, eight sets of requests for documents, and two sets of interrogatories.  Defendants contend that plaintiff has conducted ample discovery and that no justification exists to extend the discovery deadline.  Defendants provide copies of their responses to plaintiff's fifth and sixth requests for production of documents as well as a copy of defendant Terhune's response to plaintiff's second request for admissions.  Defendants conclude that plaintiff's motion should be denied and that sanctions should not be imposed.

On June 12, 2006, plaintiff filed a request for a short extension of time (docket #124) to file a reply to defendants' opposition.  However, by letter filed July 11, 2006, plaintiff has notified the court that he was transported on June 14, 2006, without prior notice, to Deuel Vocational Institution and then to the Sacramento County Jail, where he is awaiting a new trial on his criminal conviction.  Plaintiff does not have access to his legal materials or to the jail law library.  The court is prepared to rule on plaintiff's May 15, 2006 discovery request at this time and will therefore deny plaintiff's request for an extension of time to file a reply.

Plaintiff is not entitled to a default judgment against a party who has not defaulted by failing to plead or otherwise defend.  See Fed. R. Civ. 55(a) & (b).  Moreover, defendant Terhune did not fail to respond to the request for admissions plaintiff served in November 2005.  It is not clear whether defendant Terhune served an amended response to No. 19 of plaintiff's first set of interrogatories, as required by the court's December 13, 2005 order,[1] but the court has granted defendants' request to relieve defendant Terhune of the obligation to serve responses to

---

[1] Defendants' chart of plaintiff's discovery requests and defendants' responses shows that amended responses to the first set of interrogatories were served for "Wong - 3/16/06, Runnels - 3/16/06, Felker - 3/16/06, Wong - 3/16/06, Johnson - 3/16/06." (Defs.' Opp'n #123 at 3.)  It is possible that defendant Wong's name was entered twice in error and that one of the entries of his name was intended to be Terhune's.

1   any discovery still outstanding.  Plaintiff has received amended responses to No. 19 from

2   defendants Wong, Runnels, Felker, and Johnson.

3          The court filed a scheduling in this case on December 14, 2005, concurrently with

4   the order granting plaintiff leave to serve 15 additional interrogatories on each defendant.  The

5   scheduling order provides that all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34,

6   and 36 "shall be served not later than sixty days prior to May 12, 2006."  Plaintiff served his

7   requests on April 23, 2006.  In the interests of justice, the court has reviewed plaintiff's untimely

8   interrogatories, which are attached as Exhibits B and C to #122.  The interrogatories do not

9   warrant an order granting plaintiff leave to serve them out of time.  The court will not compel

10  any defendant to respond to plaintiff's untimely interrogatories.

11  V.   Summary

12         Plaintiff's February 21, 2006 motion to compel is granted solely as to No. 11 of

13  plaintiff's seventh request for production of documents, and defendants will be required to serve

14  documents, redacted if necessary, showing the name and tenure of each director of the former

15  California Department of Corrections from 2000 to July 2005.

16         Plaintiff's February 27, 2006 motion to compel is granted solely as to Nos. 4, 50,

17  and 52 of plaintiff's fifth request for production of documents.  Defendants will be required to

18  make further attempts to find the confidential memorandum requested in No. 4 and to serve the

19  documents responsive to Nos. 50 and 52, or file a motion for a protective order.  If such a motion

20  is filed, defendants shall contact Pete Buzo, courtroom deputy to the undersigned, to arrange for

21  in camera review of the documents that are the subject of the motion.

22         Pursuant to the scheduling order, the parties were permitted to conduct formal

23  discovery through May 12, 2006.  The court has now ruled on all discovery motions properly

24  filed on or before that date.  Except for defendants' service of further responses in accordance

25  with this order, discovery is now closed.

26  /////

PLAINTIFF'S REQUESTS FOR COURT ORDERS (#109 & #121)

On March 13, 2006, plaintiff requested an order "restraining or otherwise prohibiting these defendants from harassing, threatening and/or retaliating against this plaintiff for exercising his first and fifth amendment rights under both California and U.S. Constitutions." (Pl.'s Req. for Court Order #109, filed Mar. 13, 2006, at 1.)  Plaintiff seeks an order against "CDCR."  He alleges that prison staff have subjected him to repeated placements in administrative segregation, threats of violence, obstruction, and retaliatory cell searches during which legal documents were stolen or damaged.  Plaintiff contends that he will be forced to dismiss both of his cases if the court does not protect him.

On April 24, 2006, plaintiff filed a supplemental request for an order "to restrain these defendants from documented progressive harassment, endangerment, retaliation and cruel and unusual punishment that continues to jeopardize plaintiff's health, safety and welfare." (Pl.'s Supplemental Req. for Court Order #121, filed Apr. 24, 2006, at 1.)  Plaintiff asserts that all incidents described in his declarations "are centered around and based upon plaintiff's inmate appeals, subjects of said appeals and plaintiff's pending legal work." (Id. at 2.)

Plaintiff's requests are not accompanied by legal briefs on all relevant legal issues. Plaintiff's requests and supporting documents fail to demonstrate that the defendants in this case are harassing, threatening, or retaliating against plaintiff.  According to plaintiff's recent notice of change of address, plaintiff is not confined at High Desert State Prison at this time and is not subject to the conditions of confinement described in his requests.  When an inmate seeks injunctive relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  Accordingly, plaintiff's requests will be denied as moot.

/////

/////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's January 30, 2006 request for sanctions (#100) is denied;

2. Defendants' February 14, 2006 second request for extension of time to serve responses to plaintiff's second request for admissions (#102) is granted;

3. Defendants are granted an extension of time nunc pro tunc to March 16, 2006, to serve their responses to plaintiff's second request for admissions;

4. Defendants' February 17, 2006 motion for relief (#104) is granted;

5. Defendants are granted an extension of time nunc pro tunc to March 16, 2006, to serve the remaining responses required by the court's December 13, 2005 order;

6. Plaintiff's February 21, 2006 motion to compel and request for sanctions (#107) is granted as to No. 11 of plaintiff's seventh request for production of documents and is otherwise denied; within thirty days from the date of this order, defendants shall serve a further response to No. 11 consisting of documents, redacted if necessary, showing the name and tenure of each director of the former California Department of Corrections from 2000 to July 2005;

7. Plaintiff's February 27, 2006 motion for sanctions and for order compelling discovery (#108) is granted as to Nos. 4, 50, and 52 of plaintiff's fifth request for production of documents and is otherwise denied; within thirty days from the date of this order, defendants shall serve further responses as follows:

      a. In response to No. 4, defendants shall make further attempts to locate the "confidential memo of 10/4/01" cited in the memorandum attached to plaintiff's February 27, 2006 motion as Exhibit D and shall produce the document or notify plaintiff that the document could not be found;

      b. In response to Nos. 50 and 52, defendants shall produce all responsive documents or file an ex parte motion for a protective order and arrange for an in camera review of the documents not produced;

8. Plaintiff's March 13, 2006 request for court order (#109) is denied;

1        9.  Defendants' March 14, 2006 requests for extension of time and for relief with

2    regard to defendant Terhune (#111) are granted;

3        10.  Defendants are granted an extension of time nunc pro tunc to March 26, 2006,

4    to serve their signed responses to plaintiff's second request for admissions and their amended

5    responses to interrogatories;

6        11.  Defendant Terhune is relieved of the obligation to serve responses to any

7    timely served discovery requests that were outstanding when discovery closed on May 12, 2006;

8        12.  Plaintiff's March 27, 2006 request that his second request for admissions be

9    deemed admitted (#117) is denied;

10       13.  Plaintiff's April 24, 2006 supplemental request for court order (#121) is

11   denied;

12       14.  Plaintiff's May 15, 2006 request for sanctions compelling responses to

13   plaintiff's second set of interrogatories (#122) is denied; and

14       15.  Plaintiff's June 12, 2006 request for extension of time (#124) is denied.

15   DATED: July 17, 2006.

16

17   _____

18   DALE A. DROZD
     UNITED STATES MAGISTRATE JUDGE

19   DAD:13
     spen1195.cln2

20

21

22

23

24

25

26