IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GERALD SPENCE,

      Plaintiff,                    No. CIV S-03-1195 LKK DAD P

      vs.

STATE OF CALIFORNIA, et al.,

      Defendants.           FINDINGS AND RECOMMENDATIONS

                              /

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion for summary judgment filed July 7, 2006, and defendants' recent request for dismissal of the action under Federal Rule of Civil Procedure 41(b).

        By order filed July 18, 2006, the court granted plaintiff an extension of time to October 30, 2006, to respond to defendants' motion for summary judgment. On July 26, 2006, plaintiff notified the court of his release from confinement. Plaintiff has filed nothing further.

        Despite the extension of time granted by the court, plaintiff has not filed opposition to defendants' motion. Early in this litigation, plaintiff was provided with detailed information about the requirements for opposing a motion for summary judgment. (Order filed Aug. 15, 2003, at 4-5.) Plaintiff was cautioned that if he "fails to contradict the defendants'

1

evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted." (Id. at 4.) Plaintiff was forewarned that if he does not serve and file a written opposition to such a motion, "the court may consider the failure to act as a waiver of opposition to the defendants' motion" and that if the motion is granted, "judgment will be entered for the defendants without a trial and the case will be closed." Id.

In light of plaintiff's failure to file opposition, defendants have requested that the court dismiss this action for failure to comply with Local Rule 78-230(m) and for failure to comply with court orders. Defendants assert that plaintiff's failure to respond in any fashion to their motion suggests that plaintiff has abandoned this action.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994) (citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993)). However, when a local rule does not require but merely permits the court to grant a motion for summary judgment, it is within the district court's discretion to determine whether noncompliance should be deemed consent to the motion. Id.

Here, plaintiff was warned that failure to oppose a motion for summary judgment may be deemed a waiver of opposition to the motion. Based on plaintiff's failure to file opposition despite that warning, the undersigned concludes that plaintiff's failure to oppose should be deemed a waiver of opposition to defendants' motion for summary judgment. In the alternative, the undersigned finds that defendants' motion has merit.

/////
/////
/////

I. <u>Standards for Summary Judgment Pursuant to Rule 56</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u> Summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. See <u>id.</u> at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> Summary judgment should be granted "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact does exist. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits and/or admissible discovery material in support of the contention that a dispute exists. See Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11. The party opposing summary judgment must show that any fact in contention is material, i.e., a fact that might affect the outcome of the suit under

1  the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury
2  could return a verdict for the nonmoving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S.
3  242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630
4  (9th Cir. 1987); Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

5        In trying to establish the existence of a factual dispute, the party opposing
6  summary judgment need not establish a material issue of fact conclusively in his or her favor.  It
7  is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the
8  parties' differing versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the
9  "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see
10 whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P.
11 56(e) advisory committee's note on 1963 amendments).

12       The evidence of the party opposing summary judgment is to be believed, and all
13 reasonable inferences that may be drawn from the facts placed before the court must be drawn in
14 favor of the party opposing summary judgment.  See Anderson, 477 U.S. at 255; Matsushita, 475
15 U.S. at 587.  Inferences will not be drawn out of the air, however; it is the opposing party's
16 obligation to produce a factual predicate from which an inference may be drawn.  See Richards v.
17 Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902
18 (9th Cir. 1987).  The opposing party "must do more than simply show that there is some
19 metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not
20 lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"
21 Matsushita, 475 U.S. at 587 (citation omitted).

22       By order filed August 15, 2003, the court advised plaintiff of the requirements for
23 opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See
24 Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d
25 409 (9th Cir. 1988).
26 /////

II. <u>Analysis</u>

In his complaint, plaintiff alleges that lockdowns at High Desert State Prison (HDSP) violated his equal protection rights. Plaintiff, who is African American, claims that all African American inmates are routinely locked down for the isolated conduct of a few African American inmates while other racial groups are not treated in that manner. For example, plaintiff asserts that if a violent incident is committed by a Southern Hispanic inmate, only Southern Hispanic inmates are locked down. Plaintiff identifies five separate lockdowns that affected African American inmates between May 2002 and May 2003, and asserts that these lockdowns demonstrate the discriminatory policy applied by defendants.

Defendants offer evidence that lockdowns[1] are triggered by incidents of violence or by reliable information suggesting potential violence. Defendants assert that if an incident of violence is isolated in nature, only the parties responsible for the violence will be affected, but if defendants determine that an incident cannot be attributed to isolated individuals, and staff believe a larger security threat exists, then a larger group of individuals will be affected based on inmate association. Defendants contend that lockdowns are not initiated arbitrarily but rather serve the institution's legitimate safety concerns. Defendants indicate that a lockdown committee holds frequent meetings during a lockdown, in order to discuss the progress of the investigation and to analyze the information that has been gathered. Only the warden or chief deputy warden can initiate a lockdown, and only the warden can end a lockdown.

Defendants offer evidence of the following: prior to the times at issue in plaintiff's complaint, institution-wide lockdowns followed any significant incident; such lockdowns are extremely burdensome and difficult to manage; efforts were therefore made to

---

[1] Defendants define a lockdown as a situation when inmates are confined to their cells following an incident of violence or based upon credible information suggesting a potential threat of violence. Defendants explain that locking down is necessary as it enables staff to conduct a meaningful investigation into the incident or the threat of violence that gave rise to the lockdown. Investigation includes interviewing inmates, obtaining information from confidential sources, and searching cells and other areas of the prison.

limit the scope of lockdowns without compromising safety and security concerns; whenever feasible, lockdowns are limited to the affected facility within the institution and, if possible, to the suspected groups, whether based on gang affiliation, disruptive-groups affiliation, or geographic-based association; plaintiff was housed in Facility D, which houses Level IV inmates; Level IV inmates present the highest security risks based on their committed crime and in-prison behavior; over the years, prison officials have observed that Level IV inmates in Facility D at HDSP associate along racial lines and act along those lines; Southern and Northern Hispanic racial groups, unlike other racial groups, will not set aside their individual gang loyalties and are therefore classified as separate groups; in the years preceding 2003, when plaintiff filed this case, the institution was plagued with violent racial attacks on prison staff and inmates; all attacks were and are taken seriously; when there is an attack with an ambiguous motive that involves individuals of one race, staff initiate a lockdown for that group until a motive is identified and a threat assessment can be made; a lockdown may be initiated to prevent escalation of violence; all groups are treated the same.  Defendants offer an analysis of all lockdowns, including those that affected plaintiff and those that did not, from February 5, 2002, through April 2003, showing that lockdowns were not applied to inmates in a discriminatory manner.

Defendants argue that plaintiff's equal protection claim must fail because the lockdowns at HDSP at the relevant times were not discriminatory in nature.  Defendants also argue that plaintiff's claims against defendant Terhune, then director of the CDCR, should be dismissed because the defendant had no involvement with the lockdowns at HDSP.  Defendants further argue that they are entitled to qualified immunity.

Plaintiff has failed to contradict defendants' evidence with evidence of his own.  Taking defendants' evidence as the truth, the undersigned finds that there are no disputed issues of fact and defendants are entitled to judgment in their favor as a matter of law.

/////

/////

DEFENDANTS' REQUEST FOR DISMISSAL PURSUANT TO RULE 41(b)

Defendants request that this case be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Rule 41(b) provides as follows:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b). See also Local Rule 11-110 ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court.").

The factors to be weighed in determining whether to dismiss for lack of prosecution are identical to the factors to be considered when deciding whether to dismiss for failure to obey court orders. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Those factors are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. See Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. See Ferdik, 963 F.2d at 1260.

The public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendants all support the sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's complete lack of prosecution since July 26, 2006, together with his failure to comply with applicable rules and multiple court orders, justifies a recommendation of dismissal. No lesser sanction would serve any purpose. Accordingly, if summary judgment is not granted in favor of defendants, their request for involuntary dismissal pursuant to Rule 41(b) should be granted.

/////

1   In light of plaintiff's abuse of the extension of time granted on July 18, 2006, he
2  will not be granted any extension of time for filing objections to findings and recommendations.
3  Plaintiff is reminded that unincarcerated litigants are required to file documents on or before the
4  date on which the document is due.
5   Accordingly, IT IS HEREBY RECOMMENDED that:
6   1. Defendants' July 7, 2006 motion for summary judgment be granted or, in the
7  alternative, defendants' December 7, 2006 request for dismissal under Federal Rule of Civil
8  Procedure 41(b) be granted; and
9   2. This action be dismissed with prejudice.
10  These findings and recommendations are submitted to the United States District
11 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days
12 after these findings and recommendations are served by the Clerk of the Court, any party may file
13 written objections with the court and serve a copy on all other parties.  A document containing
14 objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."
15 Any reply to objections shall be served and filed within ten days after the objections are served.
16 The parties are advised that failure to file objections within the specified time may, under certain
17 circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951
18 F.2d 1153 (9th Cir. 1991).
19 DATED: December 11, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
spen1195.46sj